UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-112T |
| | ) | |
| VINCENT RAMPONE | ) | |

---

# MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Rampone respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Rampone submits this memorandum in support of his Motion for Sentencing Consideration advocating for a sentence below the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id*. Mr. Rampone requests the Court to consider imposing a sentence below that range. The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary, and also Mr. Rampone's need for rehabilitative substance abuse treatment.

## II. Procedural Background

On July 22, 2006, Connecticut State Police arrested Mr. Rampone at the Mohegan Sun casino for the robbery of the Pawtucket Credit Union in Cranston earlier in the day. Mr. Rampone was arrested without incident and confessed to the crime. He was held by the State of Rhode Island on July 25, 2006. The government obtained an indictment against him for the robbery on October 18, 2006. Mr. Rampone made his initial appearance before the Federal court on December 1, 2006, pursuant to the Interstate Agreement on Detainers. Mr. Rampone pled guilty to the charge in the indictment on January 19, 2007. Sentencing is scheduled for May 1, 2007.

## III. Sentencing Considerations

### A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute, § 3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).[2] If the Court feels a sentence below the guidelines supports the purposes of sentencing then the Court must impose that particular sentence.

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d

---

[1] The statute provides, in pertinent part, that:

"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2] The precise meaning of the provision, however, is difficult to discern. *See United States v. Navedo-Concepcion*, 450 F.3d 54, 58-59 (1st Cir. 2006) (pointing out that most of the purposes of sentencing weigh negatively toward a defendant and that "there is no mathematical algorithm for the perfect sentence.").

514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 456 F.3d at 215 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction seemingly to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id.* (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines[3], continues to embrace and support a de facto mandatory sentencing scheme.[4]

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics; they are generalizations. *See Jimenez-Beltre*, 440 F.3d at 518. An individual's background, character, and upbringing cannot be easily quantified in a guideline system, nevertheless, the Court must consider that unique individual information. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[5]

---

[3] The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 456 F.3d at 215 (citing *Smith*, 445 F.3d at 4).

[4] In fact, the First Circuit has yet to reverse a guideline sentence as unreasonable while reversing all below guideline sentences appealed by the government. *See* NYCDL Appendix to Amicus Brief in *Rita v. United States* and *Claiborne v. United States* (excerpt attached; available at www.nycdl.org (reasonableness review database).

[5]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period;

B. Personal Background

In contrast with his conduct in this instance, Mr. Rampone has led a moderately successful life. He has been married twice, raised two daughters, and has one grandchild. He is close with his parents, who have retired to Florida, and his ex-wife, Cheryl Lepore. All of his family remains very supportive.

Mr. Rampone has an extensive employment history. He has been gainfully employed throughout his adulthood. He has worked primarily in the food service industry as an employee, manager, and owner. He has also worked in the kitchens of the Medium II and Intake facilities at the ACI since he was held in July, 2006. He has shown a very strong work ethic which shows great promise for his successful rehabilitation.

Mr. Rampone has a significant history of substance abuse. His history is detailed in the presentence report (¶ 44). He has been able to overcome and cope with his addictions in the past, but now realizes that he will need the help of treatment to put these issues behind him. He is looking forward to participating in substance abuse treatment while incarcerated and his success will help ensure his ultimate rehabilitation.

C. Criminal History

Mr. Rampone does not have a significant criminal record. All of his contacts relate back to his substance abuse, and most date back 15 to 20+ years. The Court should also take note that his 2006 misdemeanor conviction for a bad check accounts for 4 criminal history points based on the application of the advisory sentencing guidelines. Although properly counted, this situation illustrates a particular inequity in the operation of the guidelines. The advisory guidelines fail to consider or distinguish the difference in seriousness between felony and misdemeanor offenses. The Court should consider the relatively high point count in this case when determining this sentence.

D. Nature of the Offense

Bank robbery is clearly a serious offense. When considering the nature of the offense here the court should also consider that Mr. Rampone's conduct falls at least imposing conduct which

---

the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

supports a conviction for robbery. He executed the theft with a note and without any express threats. He conducted the robbery without disguise or any attempt to mislead authorities. In fact, considering the bank photo, Mr. Rampone's offense conduct appeared to be a more desperate call for help than usually seen before this Court.

IV. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Those purposes including deterrence, punishment, respect for the law and rehabilitation. Mr. Rampone requests the Court to consider a sentence below the suggested guideline range. A sentence of incarceration, even below the advisory range, will achieve the goals of deterrence, incapacitation, and respect for the law, and also provide ample time for Mr. Rampone to take full advantage of the rehabilitative services at the BOP.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The advisory sentencing guidelines combine only two factors when calculating the suggested range: the offense conduct and the defendant's criminal record. The offense conduct here was at the minimum to sustain a conviction, and the guidelines likely overstate the significance of his criminal record. The suggested sentence does not include any consideration of Mr. Rampone individually as required by § 3553(a)(1) (individual's unique background and characteristics). The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here, taken as a whole, warrant a sentence below the advisory range. The sentence imposed by the Court cannot pass the reasonableness standard of review if it does not promote respect for the law or provide for a fair and just punishment. 18 U.S.C. § 3553(a)(2). The advisory sentencing range recommended here does not comport with the purposes of sentencing under § 3553(a) and the Court cannot apply the guidelines in any kind of general or presumptive manner. As a whole, the facts and circumstances present here warrant a sentence below the advisory range.

V. Conclusion

For all of these reasons, Mr. Rampone asks the Court to impose a sentence below the advisory guideline range.

Respectfully submitted
Vincent Rampone
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on April 25, 2007.

/s/ Kevin J. Fitzgerald